UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNSON-RICHARDSON | CIVIL ACTION |
| VERSUS | NO: 12-00140 |
| TANGIPAHOA PARISH SCHOOL BOARD | UNITED MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER

Before the Court is Defendant, Tangipahoa Parish School Board's, ("Board") **Motion to Compel Initial Disclosures and to Set Status Conference (R. Doc. 40),** seeking to have the Court compel initial disclosures and to set a status conference to reconsider deadlines, cut off dates, and trial dates. *Id.* This motion was filed on August 15, 2013. *Id.* It was unopposed. The motion was heard by oral argument on August 28, 2013.

### I.     Background

Plaintiff, Joyce Johnson Richardson, ("Plaintiff") brings this action pursuant to 42 U.S.C. 2000e-5, the Equal Employment Opportunities Commission (EEOC) enforcement provision for Title VII Civil Rights disputes, against Defendant, Tangipahoa Parish School Board ("Board"). (R. Doc. 1). Plaintiff is an African American female who alleges that she was discriminated against because of her and her husband's involvement in the African American community, politics, and more specifically, her husband's involvement in the Tangipahoa Parish School Board. *Id.*

Plaintiff alleges that she was employed with Defendant as a special education teacher until

September 2011.  *Id.*  She allegedly applied for two elementary grade teacher positions in August 2010, and in January 2011, for which she was qualified, but not hired for these positions due to her involvement in politics and the African American community.  *Id.*

Plaintiff filed a charge with EEOC on August 30, 2011.  (R. Doc. 1).  Plaintiff obtained a "Right to Sue Notice" on October 25, 2011.  *Id.*  Plaintiff filed this action on January 18, 2012 and asserts two counts of retaliatory non-hiring claims against Defendant.  *Id.*  She also asserts two counts of supervisory retaliatory harassment charges, for allegedly being subjected to continuous note-taking observations and or on-camera observations.  *Id.*  Plaintiff seeks damages and or injunctive relief including, but not limited to, lost wages and benefits.  *Id.*  Defendant filed an answer denying liability and asserting various statutory defenses.  (R. Doc. 30).

On March 25, 2013, this Court held a Rule 16 Scheduling Conference.  (R. Doc. 36).  At the time of this conference, Defendant's argue that Plaintiff's had not yet completed initial disclosures, as required by Rule 26.  (R. Doc. 40-1).  Defendant's allege that Plaintiff's counsel represented that at the close of business on March 25, 2013, they would provide the Board with their client's initial disclosures, but have yet to do so.  *Id.*

On July 17, 2013, counsel for Defendant allegedly contacted Plaintiff's attorney to inquire as to the status of the initial disclosures.  (R. Doc. 40-1).  Defendant was allegedly assured that he would be provided with the disclosures no later than July 18, 2013.  *Id.*  Having not received the disclosures as of July 22, 2013, counsel for Defendant advised counsel for Plaintiff that if the initial disclosures were not received by July 24, 2013, a motion to compel would be filed.  *Id.*  As a result of Plaintiff's failure to propound initial disclosures, Defendant filed the instant motion to compel seeking an order requiring the Plaintiff to provide initial disclosures and to set an in-person status conference to reconsider deadline and pretrial conference dates.  *Id.*

**II.     Standard of Review:**

Under Federal Rule of Civil Procedure ("Rule") 26(a), except in certain proceedings that are exempt from initial disclosure … a party must, without awaiting a discovery request, provide to other parties certain required disclosures set forth in Rule 26(a).  *Southern U.S. Trade Ass'n v. Unidentified Parties,* No. 10-1669, 2012 WL 112238, at * 2 (E.D. La. Jan. 11, 2012).  *See* Fed. R. Civ. P. 26(a)(1)(A).  The parties' obligation to produce initial disclosures is mandatory unless the parties stipulate or are ordered by the Court to do otherwise.  *Id.*

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court."  *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources;

(4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Pursuant to Rule 37, if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A). If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. *Southern U.S. Trade Ass'n,* 2012 WL 112238, at * 2; *Merritt v. Int'l Brotherhood of Boilermakers,* 649 F.2d 1013, 1019 (5th Cir. 1981); Fed. R. Civ. P. 37(a)(5)(A).

**III.     Analysis:**

    **A.     Rule 26(a) Initial Disclosures**

Defendant's argue that Plaintiff has not yet produced initial disclosures, as required by Rule 26(a)(1). Rule 26(a) provides that unless a proceeding is exempt from producing initial disclosures, a party has a mandatory obligation to produce initial disclosure to the opposing party. *Southern U.S. Trade,* 2012 WL 112238, at * 2. A scheduling conference in this matter was held on March 25, 2013, in which the parties were to have already exchanged initial disclosures. (R. Doc. 31).

Defendant's allege that Plaintiff's counsel represented on March 25, 2013, and on July 18, 2013, it would provide the Defendant's with his client's initial disclosures, but have yet to do so. (R. Doc. 40-1). Having not received the disclosures as of July 22, 2013, counsel for Defendant advised counsel for Plaintiff that if the initial disclosures were not received by July 24, 2013, a motion to compel would be filed. *Id.*

As a result of Plaintiff's failure to propound initial disclosures, Defendant filed the instant

motion to compel. *Id.* Plaintiff's did not oppose the underlying motion. *Id.*

At oral argument, Counsel for Defendant reiterated its attempt to contact counsel for Plaintiff and obtain initial disclosures. Counsel for Plaintiff stated before the Court that due to personal medical issues, he has not been able to produce the disclosures to Defendant.

Counsel for Defendant argued that counsel for Plaintiff has not attempted to contact or provide status updates on the initial disclosures. Counsel for Defendant also point out that the Plaintiff's counsel has been actively participating in a related case.

In response, counsel for Plaintiff informed the Court that he seeks to withdraw as counsel of record on this matter after he obtains replacement counsel for Plaintiff. He also stated that he no longer had the initial disclosure information to propound to Defendant, due to an equipment malfunction. He further indicated that he would have to redraft them.

While the Court is mindful of the personal illnesses of counsel for Plaintiff, he is obligated to disclose in compliance with the Federal Rules of Civil Procedure no later than August 30, 2013. Further, on or before September 6, 2013, counsel for Plaintiff must provide documentation of his medical illness to the Court, and disclose the nature of his illness with Plaintiff to determine if they wish to retain new counsel or even continue this matter.

      B.      <u>**Rule 37 Attorney Fees**</u>

Defendant's seek an award of attorney fees and reasonable expenses incurred with filing this motion. (R. Doc. 40-1). Pursuant to Rule 37, if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A); *see Southern U.S. Trade,* 2012 WL 112238, at * 2. If the motion is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the

conduct was substantially justified or other circumstances make an award of expenses unjust. *Merritt,* 649 at 1019.

In considering the issue of attorney fees, the Court finds that such an award is appropriate due to the failure of counsel to communicate with opposing counsel, as required by Fed. R. Civ. P. 37(c). *See Larkin, et al. v. United States Dep't of Navy,* No. 01-0527, 2002 WL 31427319 at *2 (E.D. La. Oct. 25, 2002). Because counsel for Plaintiff failed to provide an adequate explanation as to why communication did not occur with opposing counsel, nor as to the timely production of initial disclosures, his conduct was not substantially justified, nor would an award of attorney fees be unjust.

Accordingly,

**IT IS ORDERED** that Defendant, Tangipahoa Parish School Board's, ("Defendant") **Motion to Compel Initial Disclosures and to Set Status Conference (R. Doc. 40)** is **GRANTED IN PART** as to the initial disclosures, and **DENIED IN PART** as to setting a status conference.

**IT IS FURTHER ORDERED** that Plaintiff produce initial disclosures and any other outstanding discovery to Defendant on or before August 30, 2013.

**IT IS FURTHER ORDERED** that on or before September 6, 2013, counsel for Plaintiff must provide documentation of his medical illness to the Court, and disclose the nature of his illness with Plaintiff to determine if they wish to retain new counsel or even continue this matter.

**IT IS FURTHER ORDERED** that Defendant's request to set a status conference is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for Rule 37 attorney fees and costs associated with filing the instant motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's shall file a motion to fix attorney's fees into

the record by September 25, 2013, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than October 2, 2013. Plaintiff shall notice the motion to fix attorney's fees for hearing on **Wednesday, October 9, 2013** and the motion shall be heard on that date **without oral argument.**

New Orleans, Louisiana, this 3rd day of September 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**