# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCE JOHNSON-RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:     12-0140** |
| **TANGIPAHOA PARISH SCHOOL BOARD** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## <u>ORDER & REASONS</u>

Before the Court is Defendant, Tangipahoa Parish School Board's ("Defendant") **Motion to Dismiss and / or Alternatively Motion for Summary Judgment (R. Doc. 41)**[1] pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and or in the alternate, Rule 56, dismissing Plaintiff, Joyce Johnson-Richardson's ("Plaintiff") Title VII, 42 U.S.C. § 2000e, *et seq*., retaliatory non-hiring claim alleged in Counts I and II on the grounds of res judicata, and Counts III and IV on the grounds that Plaintiff failed to exhaust her remedies as required by 42 U.S.C. § 2000e. *Id.* This Motion was unopposed.[2] It was heard on the briefs on August 28, 2013. (R. Doc. 51).

## I.    <u>Background</u>

Plaintiff, Joyce Johnson Richardson, ("Plaintiff") brings this action pursuant to 42 U.S.C.

---

[1]The Magistrate Judge is acting upon consent of the parties, under 28 U.S.C. § 636(c). R. Doc. 33.

[2]Plaintiff did not timely oppose this motion and sought for an extension to oppose this motion as well several other motions as evidenced in the record. The requested extension was denied by this Court. R. Docs. 54,55.

2000e-5, the Equal Employment Opportunities Commission (EEOC) enforcement provision for Title VII Civil Rights disputes, against Defendant, Tangipahoa Parish School Board ("Board"). (R. Doc. 1). Plaintiff, an African American female with allegedly thirty-three-years of experience as a special education teacher, claims that she was discriminated against and denied the opportunity of employment by Defendant, due to her husband's political involvement in the Tangipahoa Parish School Board, the African American community, and more specifically, her participation in the ongoing desegregation case, *Moore v. Tangipahoa Parish School Board,* No. 65-15556. (R. Doc. 41-1, p. 26-29).

Plaintiff alleges that she was employed by Defendant as a special education teacher from 1982 until she retired in June 2006. (R. Doc. 41-1, pp. 2). Subsequent to her retirement, she allegedly applied for two full-time, elementary grade teaching positions on or around January 9, 2010, and February 1, 2011, but was allegedly denied these opportunities, although she was qualified. *Id.* at 26, 29. Defendant allegedly informed Plaintiff that due to her retirement, she was only able to be rehired "if there was a determination of critical shortage in her area of certification in the District." *Id.* at 2. As a compromise, Defendant allegedly offered Plaintiff a position as a substitute teacher, but she allegedly did not take it. *Id.*

Upon Defendant's denial of her application for employment, Plaintiff filed two EEOC charges regarding her not being hired by Defendant. The first charge was filed in July 2010, and the second, on August 30, 2011. She alleges claims of retaliation and discriminatory non-hiring for two full-time elementary school teaching positions for which she qualified, but due to her husband's involvement in politics, the African-American community, and the ongoing desegregation case, she was denied. *Id.* at 26-29.

There is no evidence in the record as to how the July 2010 charge was resolved, but prior to the August 30, 2011 charge being filed, Plaintiff allegedly obtained legal representation through her attorney in the instant matter, and became a party in the ongoing desegregation case against Defendant, *Moore v. Tangipahoa Parish School Board,* No. 65-15556. *Id.* at 2-3.

On August 31, 2011, Judge Ivan L.R. Lemelle, the presiding District Judge over the desegregation case, issued an Order that Tangipahoa Parish School Board was required to extend an offer of employment to Plaintiff upon the occurrence of a vacancy for which she was qualified, "with said Order superseding state laws that had limited – and that otherwise would have continued to limit – the Board's ability to rehire her." *Id. See also* 65-15556, R. Doc. 956, p. 3. Neither Defendants nor this Court's Order advises whether the vacancy position was for full-time or part-time employment.

As a result of this Court's Order, Plaintiff was allegedly offered, and accepted a "teaching position" on September 6, 2011, at Neesom Middle School. *See* R. Doc. 41-1, p. 3*;* R. Doc. 1, p. 1-2. On October 6, 2011, while Plaintiff was working at Neesom Middle School, Plaintiff was allegedly contacted and interviewed by the EEOC investigator assigned to investigate the retaliatory non-hiring charge she filed on August 30, 2011. (R. Doc. 41-1, p. 3).

During the October 6, 2011 interview, Defendant's argue that Plaintiff reported that she had been rehired in accordance with this Court's August 31, 2011 Order, by Tangipahoa Parish School Board, and reported no allegations of retaliatory non-hiring. *Id.*[3] Therefore, on October 20, 2011 the investigator with the EEOC recommended dismissal of Plaintiff's charge on the grounds of "no

_____

[3]Defendants contend that Plaintiff reports no allegations of retaliatory harassment, however, there is no evidence in the record that indicates the substance of the allegations she made to the investigator during the October 2011 interview.  However, after the interview, the Court notices that the EEOC investigator sent a letter on October 25, 2011, dismissing the charge.

cause" noting that since she filed the charge she had been rehired. *Id.* at 41-1, p. 40.   On October 25, 2011, the investigator issued a "Right to Sue Notice" listing the limits of the EEOC's resources, and that the EEOC was unable to conclude a violation of Title VII statutes, but it also pointed out that it was not making a finding, as it listed "no cause." *Id.*[4]

Sometime after Plaintiff was rehired pursuant to Judge Lemelle's Order, she was allegedly subjected to supervisory retaliatory harassment by being monitored and observed continuously, and being watched by active cameras in her classroom which she contends constituted supervisory retaliatory harassment.  *See* R. Doc. 1, p. 2-3. Therefore, Plaintiff subsequently filed the instant action on January 18, 2012, after the EEOC's dismissal in October 2011,  asserting two counts of retaliatory non-hiring claims based on  her non-hiring of January 2010, and January 2011, that she alleged in her EEOC Charge of August 2011.  *See* R. Doc. 1, p. 1-3.[5]

As a result, Plaintiff alleges that she has suffered damages occasioned by Defendant's alleged retaliatory non-hiring, harassment and political discrimination against her. Plaintiff seeks compensatory damages for lost wages, lost benefits, penalties incurred because she was forced to withdraw from her retirement, pain and suffering, emotional distress damages and attorneys fees incurred by the filing of this action. *Id.* Defendant filed an answer denying liability and asserting various statutory defenses, including the affirmative defense of res judicata.  *See* R. Doc. 30.

As to the instant motion, Defendant's filed a Motion to Dismiss and or alternatively Motion

---

[4]The Intake Questionnaire attached to Defendant's Motion for Summary Judgment did not include any documents pertaining to the July 2010 charge Plaintiff allegedly filed with the EEOC. However, in the investigator's memorandum, he notes the July 2010 and August 30, 2011 charges, but does not make it clear as to whether or not he is dismissing both of Plaintiff's previously filed charges in his October 25, 2011 "no cause" letter.

[5]Although the Court recognizes that Plaintiff has filed two charges, one dated July 2010, No. 461-2010-02018, and one dated August 30, 2011, No. 461-2011-02007, only the substance of the August 30, 2011 charge is provided for the Court's review. The Court was unable to locate any documents substantiating the charge for a "February" non-hire, and for the July 2010 charge.

for Summary Judgment on August 15, 2013, seeking an Order from this Court dismissing Plaintiff,

Plaintiff's Title VII, 42 U.S.C. § 2000e, *et seq*.,  retaliatory non-hiring claims alleged in Counts I

and II on the grounds of res judicata, and Counts III and IV on the grounds that Plaintiff failed to

exhaust her remedies as required by 42 U.S.C. § 2000e. *See* R. Doc. 41.  This motion was noticed

for submission on August 28, 2013, and heard on the briefs on that date.  *See* R. Doc. 47.

## II.   <u>Standard of Review</u>

### A.   <u>Rule 12(b)(6) Dismissal</u>

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon

which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

Here, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Nevertheless, "[w]e

must construe the complaint in the light most favorable to the plaintiff and draw all reasonable

inferences in the plaintiff's favor." *Elesensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368,

372 (5th Cir. 2008).  "A court's analysis generally should focus exclusively on what appears in the

complaint and its proper attachments." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).

However, Rule 12, states that a motion raising defenses listed therein, including Rule

12(b)(6), "must be made before pleading if a responsive pleading is allowed." (emphasis added). The

defendant has answered the original complaint and this matter is moving forward to trial on October

28, 2013.  (R. Doc. 30)  The Rule 12(b)(6) motion to dismiss is untimely, and therefore is **<u>denied</u>**.

*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  Therefore, because the Defendant has

answered the original complaint,  the Court must address the motion as one seeking summary judgment under Fed. R. Civ. P. 56. The defendant also has presented the motion as a summary judgment in the alternative. The parties are already on notice of that intention.

**B.      <u>Standard of Review under Fed. R. Civ. P. 56</u>**

Rule 56(a) provides that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Lindquist v. City of Pasadena*, *Tex.,* 669 F.3d 225, 233  (5th Cir. Jan. 25, 2012) (quoting *Travelers Lloyds Ins. Co. v. Pac. Emp'rs Ins. Co.*, 602 F.3d 677, 681 (5th Cir. 2010)). A fact is "material" if resolving that fact in favor of one party could affect the outcome of the suit.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Poole v. City of Shreveport*, 691 F.3d 624, 626-27 (5th Cir. 2012).

However, the Court's task is not to  resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *Anderson,* 477 U.S. at 247–49; *Lindquist,* 2012 WL 208065, at *6 (quoting *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008)). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id.*, 477 U.S. at 248; *Lindquist*, at *6 (*Frakes v. Crete Carrier Corp.*, 579 F.3d 426, 429–30 (5th Cir. 2009); *see also Francois v. Blandford,* 10-1330, 2010 WL 569684, at *2 (E. D. La. Feb 22, 2012)).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the

moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant to show that summary judgment should not lie. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp.*, 477 U.S. at 324. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir.1995); *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1085 (5th Cir. 1994).

## III.   Analysis

### A.   Counts I & II - Retaliatory Non-Hiring

Defendant argues that Plaintiff's retaliatory non-hiring claim  is barred from being asserted on the grounds of res judicata, namely retaliation and retaliatory harassment.  Specifically, Defendant argues that this claim was resolved "pursuant to a consent agreement between the parties which resulted in a Court order requiring Defendant to hire [Plaintiff] upon the opening of a position

for which she was certified." (R. Doc. 41-1, p. 1).[6] Defendant's contend that this relief did in fact

occur, as they hired her once a position became available, therefore Plaintiff's claim on Counts I and

II for retaliatory non-hiring should be dismissed pursuant to Rule 56, because the claim is barred by

res judicata. *Id.*

The doctrine of res judicata, according to Rule 8(c) is an affirmative defense that must be

raised in a party's original answer or by way of an amended pleading pursuant to Rule 15(a) or a

party risks waiver of this claim. *See* Fed. R. Civ. P. 8(c); *Simi Inv. Co., Inc. v. Harris County, Tex.,*

236 F.3d 240, 252, n. 16 (5th Cir. 2000), *reh'g en banc denied,* 256 F.3d 323 (5th Cir. 2001) and

*cert denied,* 122 S. Ct. 550 (U.S. 2001); *Lafreniere Park Foundation v. Broussard,* 221 F.3d 804,

808 (5th Cir. 2000); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1199 (5th

Cir.1995); *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir.1985) ("[R]es judicata, and

hence collateral estoppel, is an affirmative defense which if not pled is considered waived.").

Defendant's first raised res judicata in its answer to Plaintiff's complaint, dated March 4,

2013, a little over five months before filing the instant Motion for Summary Judgment, on August

15, 2013. *See* R. Doc. 30 & R. Doc. 41. Therefore Defendant's have not waived res judicata as a

defense.

The doctrine of res judicata "forecloses relitigation of claims that were or could have been

raised in a prior action." *Steen v. Harvey,* 247 Fed. App'x. 511, 514 2007 WL 2693178 (5th Cir.

Sept. 11, 2007); (*Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 312-13) (citing *Allen v.*

---

[6]Although Defendant represents that it entered into a consent agreement with Plaintiff subject to her being
rehired, the record, nor does this motion present the consent agreement for the Court to review. Furthermore, Defendant's
argue that Plaintiff resigned from her position on February 1, 2012, but have provided no documentation establishing
this as a material fact. Therefore the Court has no way of knowing whether or not all of Plaintiff's claims for
compensatory damages, i.e., lost wages, benefits, damages for pain and suffering, etc. were resolved by Plaintiff's
subsequent rehiring by Defendant. Therefore the Court finds that barring Plaintiff's claims based on res judicata would
be inappropriate.

*McCurry,* 449 U.S. 90, 94 (1980).  Res judicata is appropriate if: "1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits."  *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). The rule is that res judicata 'bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated. *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).  *See also Koerner v. Garden Dist. Ass'n,* 2002 WL 31886728, at *8, n. 40 (E.D. La. Dec. 23, 2002). The Court will address each factor below:

### 1.   <u>The parties to both actions are identical (or at least in privity)</u>

Defendant argues that this factor is satisfied, as the parties in the instant action are identical to the parties in *Moore.* (R. Doc. 41-1, p. 7). Specifically, Defendants argue that the Tangipahoa Parish School Board is the defendant in the desegregation case – *Moore,* and Plaintiff in her individual capacity entered into the *Moore* case, and  availed "herself of the employment-related provision involved in that case in order to insert herself into that action and bring her claim of retaliatory and or discriminatory non-hiring."  *Id.*  Because Plaintiff and Defendant are involved in both cases in the same capacities, Plaintiff individually on her own behalf, and Defendant, the Tangipahoa Parish School Board, the Court finds that the parties are identical for purposes of res judicata.  This factor weighs in favor of a finding of res judicata.

### 2.   <u>The judgment in the first action is rendered by a court of competent jurisdiction</u>

Defendant argues that this factor is undeniably satisfied, as the Eastern District of Louisiana was a court of competent jurisdiction to determine whether or not the Board had violated any civil

rights laws in the non-hiring of Plaintiff. (R. Doc. 41-1, p. 7).

The Court disagrees with Defendant's interpretation of Judge Lemelle's Order directing Defendant to hire the Plaintiff as a "judgment." This argument will be addressed in more detail in the Court's analysis to Factor No. 3.  Therefore, even though this Court is one of competent jursidiction, the Court finds that this factor, as discussed in more detail below weighs against res judicata.  *Id. See also* R. Doc. 1, p. 1-2.

### 3.    The first action concluded with a final judgment on the merits

Defendant argues that because Plaintiff asserted her claims of retaliatory non-hiring for "consideration and determination" in the *Moore* desegregation case, this Court already granted the employment relief she sought, therefore any subsequent claims on these merits are barred, as they were concluded by this Court's judgment on the merits.  (R. Doc. 41-1, p. 6).  Specifically, Defendant argues that Plaintiff's claim, although it may not be a "final judgment" falls within the definition of a "collateral order," which is immediately appealable, as Plaintiff's retaliatory non-hiring claims were completely separable from and collateral to those proceedings involving desegregation of Tangipahoa Parish Schools."  *Id.* at 7.

The collateral order doctrine provides that some district court judgments, although short of final judgment are immediately appealable.  To determine whether or not an order is one that falls under the collateral order doctrine, the Supreme Court has provided a three-prong test.  *See Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 276 (1988); *see also Coopers & Lybrand v. Livesay,* 437 U.S. 463 (1978); *see also, e.g., Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 431 (1985); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375 (1981).  "First, the order must 'conclusively determine the disputed question'." *Gulfstream,* at 276; quoting *Coopers*

& *Lybrand,* 437 U.S., at 468. "Second, the order must 'resolve an important issue completely separate from the merits of the action'." *Ibid.* Third and finally, the order must be "effectively unreviewable on appeal from a final judgment." *Ibid.* (footnote omitted). "If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral-order exception to § 1291."

Here, the Court finds that Judge Lemelle's August 31, 2011 Order does not satisfy the collateral order doctrine. The Order directs the Defendant to extend an offer of employment to Plaintiff upon the occurrence of a vacancy for which she was qualified, but does not serve as a final determination of Plaintiff's claims or rights against Defendant, so as to warrant a res judicata effect. *See* R. Doc. 956, p. 3, No. 56-15556. This Order also does not conclusively determine the disputed question of Plaintiff's alleged employment discrimination, as there is no evidence that her September 2011 hiring is "complete relief" of her January 18, 2012 retaliatory non-hiring claim, because the record is silent as to whether her employment at Neesom Middle School was full-time or part-time, and whether this employment redressed Plaintiff's remaining claims of compensatory damages occasioned by her original non-hire claims of January 2010 and January 2011; including claims for lost wages, lost benefits, penalties for being forced to draw from her retirement early, pain and suffering, emotional distress and attorney fees incurred with filing this action. *See* R. Doc. 1, p. 1-3. Therefore the Court finds that Judge Lemelle's Order is an interlocutory order, and not subject to the Supreme Court's collateral order exception.

The Court therefore finds that the third factor weighs against res judicata, as this Court's previous Order is interlocutory in nature, and not one capable of having the res judicata effect. Having determined that the second and third factors have not been met, the Court does not reach the

fourth factor.

**B.      Counts III & IV – Supervisory Retaliation – Failure to Exhaust**

**1.      Retaliation**

Defendant's argue that Plaintiff's retaliation claim is barred because Plaintiff has failed to properly exhaust administrative remedies following her September 6, 2011, rehire with the Defendant.  In Plaintiff's August 30, 2011, charge with the EEOC, she alleges that she was subjected to retaliatory non-hiring in 2010 and 2011.  Defendant's contend that because Plaintiff failed to assert a subsequent charge following this Court's August 31, 2011 Order, as well as the October 6, 2011, interview with the EEOC investigator, she failed to properly exhaust her administrative remedies as to her claim of retaliatory non-hiring. *See* R. Docs. 41-1, p. 32, 40.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal and private employment.  However, before bringing suit, an employment discrimination plaintiff "must exhaust her administrative remedies before she may pursue claims in federal court." *Elwakin v. Target Media Partners Operating Co., Inc.,* 2012 WL 669068, at *3 (E.D. La. Feb. 29, 2012); *see Porter v. Adams,* 639 F.2d 273, 276 (5th Cir. 1981) (noting that exhaustion is "an absolute prerequisite" to suit under § 2000e(16); *Templeton v. Western Union Tel. Co.,* 607 F. 2d 89, 91 (5th Cir. 1979) (per curiam);  ("[C]ourts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies.").

 "In order to exhaust her administrative remedies, a plaintiff must first file a timely charge with the EEOC and receive notice of right to sue."  *Elwakin,* 2012 WL 669068, at *3. "An employment discrimination suit can be dismissed where it is not based on or related to the specific

claims made in the plaintiff's Charge of Discrimination." *Elwakin,* at *3; quoting *Fine v. GAF Chem. Corp.,* 995 F.2d 576, 578 (5th Cir. 1992).

Although the Fifth Circuit has consistently "affirmed the long standing principle that a claim is not reasonably expected to grow out of a plaintiff's EEOC Charge where the claim is not alleged in the charge," the Court has recognized some exceptions to the exhaustion requirement.  (R. Doc. 41-1, p. 9).[7]  "First, a Title VII cause of action may be based 'not only on the specific allegations made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.'" *Tropez v. Veneman* , No. Civ. A.03-2156, 2004 WL 1596541, at *5 (E.D. La. July, 16, 2004); (quoting *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *see also Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 (5th Cir. 1994).

In *Tropez,* this Court cited to the Fifth Circuit's decision in *Clark v. Kraft Foods, Inc.,* for the proposition that where a plaintiff has failed to properly exhaust her administrative remedies before filing suit, this Court lacked proper subject matter jurisdiction to hear the claim.  *Tropez*, at *5; s*ee Clark,* 18 F.3d at 1280.  In *Clark,* the plaintiff "filed an administrative charge with the EEOC alleging sexual harassment and retaliation . . . [then before the Court] the plaintiff further alleged disparate treatment on the basis of gender." *Id.*  The Fifth Circuit concluded that "the district court had jurisdiction to reach the merits of the claim because an EEOC investigation of the claim was a 'reasonable consequence' of the plaintiff's administrative charge and supporting documentation." *Id.*

---

[7]See *Ellzey v. Catholic Charities Archdiocese of New Orleans*, 833 F.Supp.2d 595, 601 (5th Cir. 2011)*; Kebiro v. Walmart,* 193 Fed. Appx. 365, 367 (5th Cir. 2006).

Further, the Fifth Circuit stated that "the Court has jurisdiction over new acts of discrimination which may have occurred after the first complaint was filed as long as the discriminatory acts are part of the same grievance." *Id. See also Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980).

In applying this principle to the facts in *Tropez*, this Court distinguished the "reasonable consequence" exception from *Clark*. In *Tropez*, the Court found that because Plaintiff did not allege or formally raise any claim of race or sexual discrimination, the agency was not given the opportunity to adjudicate these issues, thereby Plaintiff did not properly exhaust her administrative remedies with respect to the race and or sexual discrimination claims she first raised in this Court. *Tropez,* at *5. Accordingly, this Court dismissed these claims for failure to properly exhaust her administrative remedies. (*See also Ellzey v. Catholic Charities Archdiocese of New Orleans,* 833 F. Supp. 2d 595, 600-601 (E.D. La. Jun. 24, 2011) (This Court dismissed Plaintiff's claims for sexual harassment and or retaliatory discharge for failure to exhaust her administrative remedies as the Charge Plaintiff filed with the EEOC did not allege sexual or any type of harassment or retaliatory discharge, which is what Plaintiff's entire case rested on); (*Teffera v. North Texas Tollway Authority*, 121 Fed. App'x. 18, 21 (5th Cir. 2004) (noting that where plaintiff did not check the retaliation box on his EEOC charge, plaintiff did not exhaust his claim with the EEOC and therefore could not bring the claim in a civil action)).

Here, Defendant argues that Plaintiff's retaliatory non-hiring claims were resolved by this Court's August 31, 2011, Order directing Defendant's to extend an offer of employment to Plaintiff. Defendant's also contend that during Plaintiff's October 2011 interview with the EEOC investigator, Plaintiff represented that she had been rehired, thereby causing the investigator to issue a "no cause"

finding in the Right to Sue Letter sent on October 25, 2011.  *See* R. Doc. 41-1, p. 40.

Although the Court finds that Plaintiff's August 30, 2011 charge with the EEOC referenced retaliatory non-hiring for which she was subsequently given employment, Defendant has failed to establish several facts that the Court considers essential in its determination as to whether or not it should be entitled to summary judgment as a matter of law on Plaintiff's retaliatory non-hiring claim.

First, Defendant's argue that Plaintiff's retaliation claim was "resolved" upon her being rehired in September 2011, and upon her October 2011 confirmation of this hiring to the EEOC investigator.  *See* R. Doc. 41-1, p. 51.  However, Defendant's have failed to provide the Court with any evidence confirming that Plaintiff resigned, or the reasons for Plaintiff's resignation from her position at Neesom Middle School.  *Id.*

Furthermore, Plaintiff's January 18, 2012, complaint alleges that her retaliation claim is unresolved, as she states that "under all counts Plaintiff alleges that the motivation was retaliation under her husband's involvement in the Tangipahoa Parish School Board politics, o/b/o the African American Community, and as to Counts III and IV, her participation in the USDC/EDLA Civil Action 65-15556 as a beneficiary under the Order of September 2, 2011." *See* R. Doc. 1, p. 3.

Because Defendant has failed to provide the Court with evidence of Plaintiff's testimony, by deposition or affidavit, attesting to the time frame when she was allegedly subjected to retaliatory non-hiring discrimination, the Court is unsure if Plaintiff's claims occurred before or after her interview with the EEOC investigator. Therefore the Court cannot determine if Plaintiff's prior claims were resolved by this Court's prior order.  Likewise, the Court  also cannot properly determine whether or not the  retaliatory non-hiring claim could be "reasonably expected to grow"

out of Plaintiff's August 30, 2011, EEOC Charge.

Furthermore, the Court is unsure as to whether or not Plaintiff's January 18, 2012 complaint is based on retaliation and harassment, or harassment as a new charge, because Plaintiff uses the terms interchangeably, as "Counts III and IV" are entitled "supervisory retaliatory harassment." *See* R. Doc. 1, p. 2-3.

Therefore, Defendant's have failed to establish that it is entitled to judgment as a matter of law as to any retaliatory non-hiring claims that Plaintiff asserts in Counts III and IV of her complaint, as these claims involve disputed issues of material fact which were sufficiently related to the original complaint. Accordingly, Defendant's Motion for Summary Judgment as to any retaliatory non-hiring claims in Counts III and IV is denied.

### 2.   Harassment

Plaintiff alleges that she was subjected to continuous note-taking observations and video camera observations after becoming employed at Neesom Middle School, which she constituted as a form of retaliatory harassment.[8]  Defendant argues that Plaintiff only claimed "retaliation" in her EEOC charge, making no reference to supervisory retaliation, harassment, or other discriminatory treatment in the charge she filed with the EEOC.  *See* R. Doc. 41-1, p. 10 & p. 33. Therefore, Defendant's argue that "because [Plaintiff's] allegations involve the denial of employment, it would have been impossible for the EEOC to have reasonably expected [supervisory retaliatory] harassment" to grow out of her August 30, 2011, EEOC charge for retaliation.  *Id.*

Furthermore, Defendant's argue that when Plaintiff was interviewed by the EEOC

---

[8]As stated above, because the nature of Plaintiff's allegations are somewhat unclear, the Court is unsure as to whether or not Plaintiff asserts "supervisory retaliatory harassment" as one claim or two separate and distinct claims, therefore for purposes of this Motion, the Court separates the analysis of them into two distinct claims.

investigator in October 2011, she never mentioned problems of harassment or attempted to amend her initial charge to assert any harassment claims.  Therefore, Defendant's argue that Plaintiff failed to exhaust her administrative remedies as to any harassment claims, as her initial charge alleging retaliatory non-hiring claims were closed by the EEOC investigator's "no cause letter" issued in October 2011 and Plaintiff did not file a later charge regarding Counts III and IV, before filing this action in federal court in January 2012.  *See* R. Doc. 1, p. 3.

As stated above, a party must exhaust his or her administrative remedies before filing suit in federal court for employment discrimination under Title VII. However, the Fifth Circuit recognizes an exception to this general rule. If a party asserts a new claim for discrimination that may "have occurred after the first complaint was filed" the district court may entertain the subsequent claim as long as it is a "reasonable consequence" of the initial charge, or the subsequent "discriminatory acts are part of the same grievance."  *See* supra, *Clark*; *Ray*, 626 F.2d at 443.

"In deciding whether an EEOC charge has raised a particular claim, courts examine the charge by looking 'slightly beyond its four corners, to its substance rather than its label,' as a Plaintiff is not required to check a 'certain box or recite a specific incantation to exhaust administrative remedies'." *See Martinez v. Texas Workforce Com'n-Civil Rights Div.,* 2013 WL 5354579, at *3 (W.D. Tex. Sept. 24, 2013), *citing Dao v. Auchan Hypermarket,* 96 F.3d 787, 789, 792 (5th Cir. 1996). Therefore, had Plaintiff properly raised evidence of harassment in her conversation with the EEOC investigator,  the harassment claim asserted in Counts III and IV may have been a  "reasonable consequence" of the earlier filed EEOC retaliation charge.  However, the notes taken from the October 6, 2011, investigation confirm that Plaintiff made no mention of harassment, as she only stated that she sought compensation for her retaliatory non-hiring claim.

17

*See* R. Doc. 41-1, p. 51, *Exhibit* No. 6.  Furthermore, in Plaintiff's August 2011 intake questionnaire and EEOC charge, Plaintiff only checked off the "retaliation" box as the circumstances of her alleged discrimination.  R. Doc. 41-1, p. 32.  Although Plaintiff was given the option to check a box for "other" so that she could possibly assert a claim of harassment, Plaintiff failed to do so.

Therefore the Court finds that Plaintiff's claim for harassment is not a reasonable consequence of Plaintiff's retaliation claim, properly filed with the EEOC. Therefore she failed to properly exhaust her administrative remedies and  Defendant's Motion for Summary Judgment as to Counts III and IV harassment claim is granted.

## IV.  Conclusion

**IT IS ORDERED** that Defendant's **Motion to Dismiss (R. Doc. 41)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Alternatively Motion for Summary Judgment (R. Doc. 41)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS GRANTED** as to Counts III and IV as to Plaintiff's harassment claim.

**IT IS DENIED** as to Counts I and II retaliatory non-hiring claim and as to Counts III and IV retaliatory non-hiring claim.

New Orleans, Louisiana, this 8th day of October 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**