UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCE JOHNSON-RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-0140** |
| **TANGIPAHOA PARISH SCHOOL BOARD** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

**ORDER**

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 63)**, filed by Defendant, Tangipahoa Parish School Board, ("Defendant") in accordance with this Court's Order granting Plaintiff's Motion to Compel and awarding reasonable costs and expenses, including an award of attorney fees (R. Doc. 54) issued on September 4, 2013. The motion is opposed. (R. Doc. 71). A reply to the opposition has been filed. (R. Doc. 79). The motion was noticed for submission on October 9, 2013, and heard on the briefs on that date.

**I.    Background**

Plaintiff, Joyce Johnson Richardson, ("Plaintiff") brings this action pursuant to 42 U.S.C. 2000e-5, the Equal Employment Opportunities Commission (EEOC) enforcement provision for Title VII Civil Rights disputes, against Defendant, Tangipahoa Parish School Board ("Board"). (R. Doc. 1). Plaintiff, an African American female with allegedly thirty-three years experience as a special education teacher, claims that she was discriminated against and denied the opportunity of employment by Defendant, due to her husband's political involvement in the Tangipahoa Parish School Board, the African American community, and more specifically, her participation the ongoing desegregation case, *Moore v. Tangipahoa Parish School Board,* No. 65-15556. (R. Doc. 41-1, p. 26-29).

On August 15, 2013, Defendant filed a Motion to Compel Initial Disclosures and to Set Status Conference (R. Doc. 40) seeking an Order from this Court requiring Plaintiff to produce initial disclosures as required by Rule 26. (R. Doc. 40-1). This Court issued an Order on September 4, 2013, granting in part the motion to compel and awarding Defendant's attorney fees and costs associated with the Motion to Compel, pursuant to Rule 37. (R. Doc. 54, p. 6).

Defendant filed the instant **Motion to Fix Attorney's Fees (R. Doc. 63)**, on September 26, 2013, including declarations of both his attorneys, as well as a "detailed statement of attorney fees and expense record" of the alleged 18.6 hours spent on the motion, at $150.00 per hour, totaling $2,790.00 (*See* R. Doc. 63-2, p. 1-2; R. Doc. 63-3, 1-4).

Plaintiff opposed the motion stating that Defendant's are "seeking to take advantage where advantage can be taken," and argue that the "prejudice to the Defendant [should be] considered in the sanctions imposed." (R. Doc. 67-1, p. 1). Counsel for Plaintiff also reiterated his illness as reason for mismanaging his case load and docket. *Id.*  Plaintiff also argues that the amount of fees requested is "grossly excessive and unreasonable," and that because Defendant already had most of Plaintiff's information from Plaintiff's participation in the *Moore* desegregation case, it was not prejudiced by counsel for Plaintiff's failure to produce them in the instant action. *Id.* at 2. Finally, Plaintiff contends that "attorney fees are a sanction and if such sanction is deemed appropriate under the circumstances, the sanction should be made against undersigned counsel and not the Plaintiff." *Id.*

Defendant's filed a reply to Plaintiff's opposition on October 9, 2013, arguing that Plaintiff's failure to produce initial disclosures as required by Rule 26(a) is an offense that may be sanctioned by the Court. (R. Doc. 79, p. 1).   Defendant also argues that the documented fees it incorporated in its Motion to Fix Attorney Fees are reasonable. *Id.* at 2. The underlying motion was noticed for submission on October 9, 2013, and heard on the briefs that date.

**II.    Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

**III.   Analysis**

    **A.   Calculating a Reasonable Hourly Rate**

The fee application submitted by Defendant seeks to recover 18.6 hours of attorney work at a rate of $150.00 per hour for its attorneys, Melissa S. Losch, ("Losch") and Pamela Wescovich Dill ("Dill"). *See See* R. Doc. 63-2, p. 1-2. In support of their rates, Defendant submits declarations from

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Losch and Dill. (R. Doc. 63-3, 1-4).

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

The Losch Declaration states that she has been licensed to practice law in the State of Louisiana since 2000, and is an associate with the firm of Hammonds, Sills, Adkins & Guice. (R. Doc. 63-3, p. 1). She states that her practice includes almost exclusively education and civil rights law. *Id.* Based on her experience and the prevailing hourly market rate of attorneys with similar experience in the Baton Rouge area, Losch states that the average hourly rate of $150.00 is reasonable." *Id.*

The Dill Declaration states that she has been licensed to practice law in the State of Louisiana since 2008, and that she has been practicing law with the firm of Hammonds, Sills, Adkins & Guice since that time. (R. Doc. 63-3, p. 3). She states that she has been licensed to practice law in the state of Mississippi as well, since 1987. *Id.* She also states that since 1989, her legal practice primarily involves education law. *Id.* Based on her experience and the prevailing hourly market rate of attorneys with similar experience in the Baton Rouge area, Losch states that the average hourly rate of $150.00 is reasonable." *Id.* at 4.

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. Where a rate is not contested, it is *prima facie* reasonable. *Louisiana Power & Light*, 50 F.3d at 328; *Trahan v. Crown Drilling, Inc.*, No. 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M. J.) (finding that attorney's requested rate was reasonable when the rate was not challenged by the opposing party). The Court notes that Plaintiff has made no challenge to the reasonableness of the rates charged by either Losch or Dill. Therefore, the Court finds that the rates charged are reasonable.

### B. Determining the Reasonable Hours Expended

In support of its motion, Defendant submits a copy of Losch and Dill's billing entries for the instant motion (R. Doc. 63-2, p. 1).[2] The Court sorts these entries into the following categories: (a)

---

[2] The entries reads as follows: (1) 3/11/13: Losch ("MSL") Contacted Opposing Counsel to set up 26(f) Status Conference and request initial disclosures (.10 hours); (2) 3/25/13: MSL Conference with Opposing Counsel regarding initial disclosures (.10 hours); (3) 4/22/13: MSL Contacted Opposing Counsel to inquire as to initial disclosures (.10 hours); (4) 7/2/13 MSL Research regarding remedies for failure to provide initial disclosures (1.3 hours); (5) 7/17/13 MSL Telephone Conference with Opposing Counsel regarding initial disclosures (.10 hours); (6) 7/22/13 MSL Letter to Opposing Counsel regarding initial disclosures (.30 hours); (7) 8/11/13 MSL worked on draft of motion to compel (.80 hours); (8) 8/12/13 MSL completed draft of motion to compel, memo in support and proposed order (2.0 hours); (9) 8/15/13 prepared certificate of no amicable resolution for motion to compel (.40 hours); (10) 8/15/13 Dill ("PWD") Reviewed Certificate for Motion to Compel; reviewed notice from Court (.30 hours); (11) 8/27/13 MSL Preparation for Oral Argument on Motion to Compel; prepared exhibit book (1.0 hours); (12) 8/28/13 MSL Travel to and from New

block-billed entries, (b) travel expense entries and (c) remaining entries. The Court now proceeds with determining the reasonable fee among the entries of these three categories.

### 1. **Block-Billed Entries**

The invoice submitted by Defendant contains a number of entries which are viewed as "block billing." This term can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 n.9 (10th Cir.1998). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each *task.*" *Canon U.S.A., Inc. v. S.A.M., Inc.,* No. 07-1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009) (emphasis added). *See also Yelton*, 2012 WL 3441826, at *8; *Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, No. 09-3822, 2010 WL 2773208, at *8-9 (E.D. La. July 13, 2010). While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Hensley*, 461 U.S. at 437, n.12. The method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See, e.g., Canon*, 2009 WL 35334, at *5 (citing cases).

The Court finds the following entries submitted by Defendant are block-billed: "7/2/13 MSL Research regarding remedies for failure to provide initial disclosures (1.3 hours); 8/12/13 MSL completed draft of motion to compel, memo in support and proposed order (2.0 hours); 8/28/13 PWD Prepared for Hearings on Pending Motions; Participated in hearing on Motion to Compel (3.10 hours);

---

Orleans and attended hearing / oral argument on motion to compel (5.0 hours); (13) 8/28/13 PWD Prepared for hearing on pending motions; participated in hearing on motion to compel (3.10 hours); (14) 9/4/13 MSL Reviewed Court Order Granting Motion to Compel (.20 hours); (15) 9/23/13 MSL Reviewed local rules; reviewed invoiced and breakdown of fees; prepared motion and proposed order to set attorney's fees prepared declaration and prepared fee statement (3.2 hours); & (16) 9/24/13 MSL Final Revisions to motion, proposed order, declarations and fee statement, filed with Court (.60 hours). *See* R. Doc. 63-2, p. 1-2.

9/23/13 MSL Reviewed local rules; reviewed invoiced and breakdown of fees; prepared motion and proposed order to set attorney's fees prepared declaration and prepared fee statement (3.2 hours)." *See* R. Doc. 63-2, p. 1-2.

Because these entries can be segregated, however, the Court finds that the appropriate resolution is to decrease the total entries which block billing occurred by a percentage. Therefore, the Court reduces the value of all block billed entries for block billed entries for both Dill and Losch by 30%. *See, e.g.*, *Verizon Business Global LLC v. Hagan*, No. 07-0415, 2010 WL 5056021, at *5 (E.D. La. Oct. 22, 2010) (citing cases showing that reductions for block billing between 15% and 35% have been found reasonable), *vacated on other grounds*, 467 F. App'x 312, 2012 WL 1414448 (5th Cir. Apr. 24, 2012).

Therefore, the Court finds that of the 18.6 hours submitted, 9.6 of those hours were improperly block-billed; 6.5 hours attributable to Losch, and 3.1 hours attributable to Dill.[3] Therefore the submitted 9.6 hours at a rate of $150.00 per hour, equals $1,440.00. This amount, reduced by 30%, totals $1,008.00.[4] The Court finds that an award of $1,008.00 is reasonable.

### 2.     **Travel Time Entries**

The remaining entry involves the travel time from Baton Rouge, Louisiana, to New Orleans, Louisiana, as well as the time involved attending the hearing and or oral argument on the underlying motion to compel. Defendant has submitted 5.0 hours for travel.

---

[3] The block-billed entries attributed to Losch are: 7/2/13 MSL Research regarding remedies for failure to provide initial disclosures (1.3 hours); 8/12/13 MSL completed draft of motion to compel, memo in support and proposed order (2.0 hours);9/23/13 MSL Reviewed local rules; reviewed invoiced and breakdown of fees; prepared motion and proposed order to set attorney's fees prepared declaration and prepared fee statement (3.2 hours). The block-billed entry attributable to Dill is: 8/28/13 prepared for hearings on pending motions; participated in hearing on motion to compel (3.1 hours). *See* R. Doc. 63-2, p.1-2.

[4] Of the block-billed entries, the 6.5 hours attributable to Losch is reduced from $975.00 to $682.50. The 3.1 hours attributable to Dill is reduced from $465.00 to $325.50. This amount totals the reasonable award of $1008.00.

As to compensation for Losch's travel time, the Court notes that attorney travel time is typically compensated at 50% of the reasonable hourly rate. *See, e.g., Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993); *Tasch, Inc. V. Unified Staffing & Associates, Inc.*, No. 02–3531, 2003 WL 23109790, at *6 (E.D.La. Dec.30, 2003) (Roby, M.J.) (Citing *Watkins*). In this instance, a reduced rate of $75.00 per hour would apply to Losch's travel time. The Court notes that Losch's office is located in Baton Rouge, Louisiana, approximately 80 miles from New Orleans.[5] Therefore the Court finds that 5.0 hours is unreasonable, and instead allows for an award of 3.5 hours is more appropriate. *See Int'l Transp. Workers Fed. v. Mi-Das Line, et al.,* 2013 WL 5329873, at *4 (E.D. La. Sept. 20, 2013) (Roby, M.J.) (the Court awarded two hours and fifty minutes of travel time at 50% of the hourly rate for an attorney located in Baton Rouge, LA to travel to and from his office and to attend the hearing). As such, an award of $262.50 representing the travel time is granted.

### 3. **Remaining Entries**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir.1996).  Attorneys exercise "billing judgment" by excluding time that is, *inter alia*, inadequately documented when seeking fee awards.  *Walker*, 99 F.3d at 769.  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request.  *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

After conducting a line-by-line analysis of the billing invoice submitted by Defendant, the

---

[5]*See* www.google.com indicates that the actual distance between New Orleans and Baton Rouge is 80.1 miles or 1 hour and 20 minutes.

Court finds that most of the entries submitted by Defendant are reasonable, such as contacting opposing counsel and conferencing with opposing counsel for (.10 hours).[6] Furthermore, the Court finds that (.80 hours) for drafting a motion to compel and (1.0 hours) for preparation of oral argument, and an exhibit book are also reasonable. *See Picard v. St. Tammany Parish Hosp.,* 2009 WL 911003, at *4 (E.D. La. Mar. 27, 2009); *Coves of the Highland Community Develop. Dist. v. McGlinchey Stafford, P.L.L.C., et al.,* 2012 WL 174477, at *4-5 (E.D. La. Jan. 20, 2012).

The Court finds that of the 18.6 hours submitted, 4.0 of those hours were reasonable.[7] Therefore, the Court finds that an award of $600.00 for the reasonable entries is appropriate.[8]

### 4. **Adjusting the Lodestar**

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson,* 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted. Accordingly, Defendant is entitled to attorney's fees of **$1,870.50**.

---

[6] *See id.* at n. 2.

[7] The Court finds the following entries are reasonable: (1) 3/11/13: Losch ("MSL") Contacted Opposing Counsel to set up 26(f) Status Conference and request initial disclosures (.10 hours); (2) 3/25/13: MSL Conference with Opposing Counsel regarding initial disclosures (.10 hours); (3) 4/22/13: MSL Contacted Opposing Counsel to inquire as to initial disclosures (.10 hours); (5) 7/17/13 MSL Telephone Conference with Opposing Counsel regarding initial disclosures (.10 hours); (6) 7/22/13 MSL Letter to Opposing Counsel regarding initial disclosures (.30 hours); (7) 8/11/13 MSL worked on draft of motion to compel (.80 hours); (9) 8/15/13 prepared certificate of no amicable resolution for motion to compel (.40 hours); (10) 8/15/13 PWD Reviewed Certificate for Motion to Compel; reviewed notice from Court (.30 hours); (11) 8/27/13 MSL Preparation for Oral Argument on Motion to Compel; prepared exhibit book (1.0 hours); (14) 9/4/13 MSL Reviewed Court Order Granting Motion to Compel (.20 hours); (16) 9/24/13 MSL Final Revisions to motion, proposed order, declarations and fee statement, filed with Court (.60 hours).

[8] The 4.0 hours include 3.7 hours from Losch, and .30 hours from Dill.

| Entry | Fee |
|---|---|
| **Block-Billed Entries** | $1,008.00 |
| Remaining Entries | $600.00 |
| Travel Expenses | $262.50 |
| | **Total: $1,870.50** |

### IV.     Conclusion

Due to Defendant's repeated efforts to secure initial disclosures and given the fact that the initial disclosure obligation is one for counsel, the Court finds that it is appropriate the attorney fee award to Plaintiff's counsel, and not Plaintiff herself.[9]

Accordingly,

**IT IS ORDERED** that Defendant, Tangipahoa Parish School Board's, ("Defendant") **Motion to Fix Attorney's Fees (R. Doc. 63)** is **GRANTED**. The Court finds that a total amount of **$1,870.50** in fees is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Counsel for Plaintiff shall satisfy his obligation to Defendant no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 15th day of October 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] *See e.g., Hall v. Cole,* 412 U.S. 1, 15 (1973); *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 753 (1980).