UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCE JOHNSON-RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-0140** |
| **TANGIPAHOA PARISH SCHOOL BOARD** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

**ORDER**

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 101)**, filed by Defendant, Tangipahoa Parish School Board, ("Defendant") in accordance with this Court's Order granting Defendant's **Motion to Set Aside Order Setting 30(b)(6) Deposition & Further Relief (R. Doc. 88)** and awarding reasonable costs and expenses, including an award of attorney fees (R. Doc. 95) issued on November 15, 2013. The motion is unopposed. The motion was noticed for submission on December 18, 2013, and heard on the briefs on that date.

I.     **Background**

Plaintiff, Joyce Johnson Richardson, ("Plaintiff") brings this action pursuant to 42 U.S.C. 2000e-5, the Equal Employment Opportunities Commission (EEOC) enforcement provision for Title VII Civil Rights disputes, against Defendant, Tangipahoa Parish School Board ("Board"). (R. Doc. 1). Plaintiff, an African American female with allegedly thirty-three years experience as a special education teacher, claims that she was discriminated against and denied the opportunity of employment by Defendant, due to her husband's political involvement in the Tangipahoa Parish School Board, the African American community, and more specifically, her participation the ongoing desegregation case, *Moore v. Tangipahoa Parish School Board,* No. 65-15556. (R. Doc. 41-1, p. 26-29).

On November 15, 2013, this Court issued an Order granting Defendant's **Motion to Set Aside Order Setting 30(b)(6) Deposition & Further Relief (R. Doc. 88)** and providing for an award of reasonable expenses, including attorney's fees against Counsel for Plaintiff, Nelson Taylor, associated with filing the Motion, pursuant to Rule 37. (R. Doc. 95, p. 2).

Defendant filed the instant **Motion to Fix Attorney's Fees (R. Doc. 101)**, on December 6, 2013, including declarations of both his attorneys, as well as a "detailed statement of attorney fees and expense record" of the alleged 15.10 hours spent on the motion, at $150.00 per hour, and an additional $81.06 in additional charges to travel to New Orleans for the hearing, totaling $2,346.06. (R. Doc. 101-1, p. 4).

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

## III.  Analysis

### A.  Calculating a Reasonable Hourly Rate

The fee application submitted by Defendant seeks to recover 15.10 hours of attorney work at a rate of $150.00 per hour for its attorneys, Melissa S. Losch, ("Losch") and Pamela Wescovich Dill ("Dill"). *See* R. Doc. 101-1, p. 3-4.[2] In support of their rates, Defendant submits declarations from Losch and Dill. (R. Doc. 101-2, p. 2-5).

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail

---

[2]The billing summary attached in support of Defendant's motion indicates Losch's hours total 7.7 hours, and Dill's hours worked on the motion total 7.4 hours. *See* R. Doc. 101-1, p. 4.

contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

The Losch Declaration states that she has been licensed to practice law in the State of Louisiana since 2000, and is an associate with the firm of Hammonds, Sills, Adkins & Guice. (R. Doc. 101-1, p. 4). She states that her practice includes almost exclusively education and civil rights law. *Id.* Based on her experience and the prevailing hourly market rate of attorneys with similar experience in the Baton Rouge area, Losch states that the average hourly rate of $150.00 is reasonable." *Id.* at 5.

The Dill Declaration states that she has been licensed to practice law in the State of Louisiana since 2008, and that she has been practicing law with the firm of Hammonds, Sills, Adkins & Guice since that time. (R. Doc. 101-2, p. 2). She states that she has been licensed to practice law in the state of Mississippi as well, since 1987. *Id.* She also states that since 1989, her legal practice primarily involves education law. *Id.* Based on her experience and the prevailing hourly market rate of attorneys with similar experience in the Baton Rouge area, Losch states that the average hourly rate of $150.00 is reasonable." *Id.* at 3.

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. Where a rate is not contested, it is *prima facie* reasonable. *Louisiana Power & Light*, 50 F.3d at 328; *Trahan v. Crown Drilling, Inc.*, No. 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M. J.) (finding that attorney's requested rate was

4

reasonable when the rate was not challenged by the opposing party). The Court notes that Plaintiff has made no challenge to the reasonableness of the rates charged by either Losch or Dill. Therefore, the Court finds that the rates charged are reasonable.

### B. Determining the Reasonable Hours Expended

In support of its motion, Defendant submits a copy of Losch and Dill's billing entries for the instant motion (R. Doc. 101-1, p. 2-5).[3] The Court sorts these entries into the following categories: (a) vague entries, (b) travel expense entries and costs and (c) remaining entries. The Court now proceeds with determining the reasonable fee among the entries of these three categories.

#### 1. Vague Entries

The invoice submitted by Defendant contains several entries which are viewed as "vague," as the Court cannot reasonably verify the time requested is appropriate for the task performed. "It is well settled that supporting documentation for attorney's fees must be of sufficient detail and probative value

---

[3] The entries reads as follows: (1) 11/6/13– Dill ("PWD") Prepared Motion to Set Aside Order Setting 30(b)(6) Deposition (.50 hours); (2) 11/6/13 PWD Prepared Memorandum in Support of Motion to Set Aside Order Setting 30(b)(6) Deposition (.60 hours); (3) 11/6/13 PWD Research regarding reasonableness of 30(b)(6) notice (.60 hours); (4) 11/6/13 PWD Prepared Notice of Submission for Motion to Set Aside Order Setting 30(b)(6) Deposition, including obtaining proper submission date from Court's website (.40hours); (5) 11/6/13 PWD E-filed Motion to Set Aside Order Setting 30(b)(6) Deposition and supporting documents (.30 hours); (6) 11/6/13 PWD Received and reviewed efiled notice confirming filing (.10 hours); (7) 11/6/13 PWD Prepared Motion to Expedite regarding Motion to Set Aside Order Setting 30(b)(6) Deposition (.40 hours); (8) 11/6/13 PWD Prepared Memorandum in Support of Motion to Expedite regarding Motion to Set Aside Order Setting 30(b)(6) (.50 hours); (9) 11/6/13 PWD Prepared proposed Order regarding Motion to Expedite (.20 hours); (10) 11/6/13 PWD Efiled Motion to Expedite and supporting documents (.30 hours); (11) 11/6/13 PWD Received and reviewed efiled notice confirming filing (.10 hours); (12) 11/8/13 PWD Received and reviewed efiled Order setting oral argument on Motion to Set Aside Order regarding 30(b)(6) Deposition and calendared same (.20 hours); (13) 11/11/13 Losch ("MSL") Pulled and reviewed pleadings in preparation for hearing (.40 hours); (14) 11/13/13 PWD Pre-hearing conference with C. Butler, counsel for Plaintiffs, regarding hearing issue (.20 hours); (15) 11/13/13 PWD Travel to and from courthouse in New Orleans for oral argument on Motion to Set Aside Order Setting 30(b)(6) Deposition (1.10 hours); (16) 11/13/13 PWD Participated in oral argument before Judge Roby regarding Motion to Set Aside Order Setting 30(b)(6) Deposition (.80 hours); (17) 11/13/13 MSL Prepared documents for hearing (1.5 hours); (18) 11/13/13 MSL Travel to and from New Orleans. 3.00 hours; (19) 11/13/13 MSL Final preparation of issues to address at hearing. 1.80 hours; (20) 11/13/13 MSL Attended hearing, including pre-hearing conference with C. Butler. 1.00 hours; (21) 11/13/13 PWD Received and analyzed efiled objections by Plaintiffs to Order setting expedited hearing on Motion to Set Aside Order Setting 30(b)(6) Deposition (.50 hours); (22) 11/13/13 PWD Prepared outline and response to Plaintiffs objections for oral argument on Motion to Set Aside Order Setting 30(b)(6) Deposition (.60 hours). *See* R. Doc. 101-1, p. 2-4.

to enable the court to determine with a high degree of certainty that the billing is reasonable." *Yelton v. PHI, Inc.*, No. 09-3144, 2012 WL 3441826, at *8 (E.D. La. Aug. 14, 2012) (internal quotations omitted).[4] Litigants who submit vague fee applications "take their chances" that those entries will be disallowed. *League of United Latin American Citizens No. 4552 v. Roscoe ISD,* 119 F.3d 1228, 1233 (5th Cir. 1997) (citing *Louisiana Power & Light,* 50 F.3d at 327).

For example, other courts have found that descriptions such as "legal issues," "conference re: all aspects," and "call re: status" are vague descriptions. *See In re Donovan,* 877 F.2d 982, 995 (D.C. Cir. 1989); *Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 706 (E.D. La. 2001). "[T]he district court has broad discretion to exclude or reduce the entries that are vague." *Walker v. City of Mesquite, Texas,* 313 F.3d 246, 252 (5th Cir. 2002).

In this case, upon review of Defendant's billing entries, the Court finds three entries to be impermissibly vague. These three entries are "11/11/13–MSL pulled and reviewed pleadings in preparation for hearing (.40 hours), 11/13/13 - MSL prepared documents for hearing (1.5 hours)" and "11/13/13 - MSL final preparation of issues to address at hearing (1.80 hours)." *See* R. Doc. 101-1, p. 3.[5] The Court finds that these entries are vague because they do not state with specificity what documents, or pleadings are being prepared to discuss at the hearing. Defendant also does not provide reasons why it was unable to provide more detailed descriptions regarding these entries. Although the "vague" entries appear to be connected to the underlying motion, the billing entries do not specify with absolute certainty what is actually being billed. Therefore, the Court finds awarding the full amount of these entries would be unreasonable.

---

[4]Additional case numbers for *Yelton* were Nos. 09-3475, 09-3551, 09-3459, 09-3814, 09-3496, 09-3847, 09-4197, 09-4182, 09-4350, 10-0008, and 10-1328.

[5]*See* n. 3, supra, #'s 13, 17 and 19.

6

As such, the Court exercises its discretion and awards Defendant 50% of the total time requested in connection with these vague entries. *See Yelton,* 2012 WL 3441826, at *8 (reducing vague entries by 50%). Therefore, the Court finds that of the 15.10 hours of entries submitted by Defendant,[6] 3.7 hours are impermissibly vague. Therefore, the Court reduces this amount to 1.85 hours, at $150.00 per hour. Accordingly, the Court finds an award of $277.50 is reasonable.

### 2. Travel Time and Travel Cost Entries

Several of the entries submitted by Defendant involves the travel time from Baton Rouge, Louisiana, to New Orleans, Louisiana, as well as the time involved attending the hearing and or oral argument on the underlying motion to compel. Defendant has submitted 4.1 hours, 3.0 hours attributable to Losch, and 1.10 hours attributable to Dill, for travel. Defendant has also submitted two additional entries, for travel and parking attributable to Losch's attendance at the hearing in New Orleans, totaling $81.06.[7]

As to compensation for Losch and Dill's travel time, the Court notes that attorney travel time is typically compensated at 50% of the reasonable hourly rate. *See, e.g., Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993); *Tasch, Inc. V. Unified Staffing & Associates, Inc.*, No. 02–3531, 2003 WL 23109790, at *6 (E.D.La. Dec. 30, 2003) (Roby, M.J.) (Citing *Watkins*). In this instance, a reduced rate of $75.00 per hour would apply to Losch and Dill's travel time.

The Court notes that Losch and Dill's office is located in Baton Rouge, Louisiana, approximately 80 miles from New Orleans.[8] Therefore the Court finds that the 1.1 hours attributable to Dill, and the 3.0 hours attributable to Losch is reasonable. *See Int'l Transp. Workers Fed. v. Mi-Das*

---

[6] 7.7 of these hours were attributable to Losch, of which included all 3.7 hours of vague entries.

[7] *See* R. Doc. 101-1, p. 4.

[8] *See* www.google.com indicates that the actual distance between New Orleans and Baton Rouge is 80.1 miles or 1 hour and 20 minutes.

*Line, et al.,* 2013 WL 5329873, at *4 (E.D. La. Sept. 20, 2013) (Roby, M.J.) (the Court awarded two hours and fifty minutes of travel time at 50% of the hourly rate for an attorney located in Baton Rouge, LA to travel to and from his office and to attend the hearing).[9] As such, an award of $307.50 representing the travel time is granted.

As to the expenses of Losch's mileage and parking costs, Losch has failed to include any documentation as to the reasonableness of the parking and / or mileage costs associated with her travel costs. Therefore the Court disallows Losch's application for costs associated with her travel.

### 3. Remaining Entries

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir.1996). Attorneys exercise "billing judgment" by excluding time that is, *inter alia*, inadequately documented when seeking fee awards. *Walker*, 99 F.3d at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

After conducting a line-by-line analysis of the billing invoice submitted by Defendant, the Court finds that most of the entries submitted by Defendant are reasonable, such as "(1) 11/6/13– Dill ("PWD") Prepared Motion to Set Aside Order Setting 30(b)(6) Deposition (.50 hours); (2) 11/6/13 PWD Prepared Memorandum in Support of Motion to Set Aside Order Setting 30(b)(6) Deposition (.60 hours); (3) 11/6/13 PWD Research regarding reasonableness of 30(b)(6) notice (.60 hours); (4) 11/6/13

---

[9]*See* n.3, supra, #'s 15 and 18 "travel to and from courthouse in New Orleans. . .; travel to and from New Orleans."

PWD Prepared Notice of Submission for Motion to Set Aside Order Setting 30(b)(6) Deposition, including obtaining proper submission date from Court's website (.40hours) and (5) 11/6/13 PWD E-filed Motion to Set Aside Order Setting 30(b)(6) Deposition and supporting documents (.30 hours).
[10] *See Picard v. St. Tammany Parish Hosp.,* 2009 WL 911003, at *4 (E.D. La. Mar. 27, 2009); *Coves of the Highland Community Develop. Dist. v. McGlinchey Stafford, P.L.L.C., et al.,* 2012 WL 174477, at *4-5 (E.D. La. Jan. 20, 2012).

As such, the Court finds that of the 15.10 hours submitted, 7.3 of those hours were reasonable. Therefore, the Court finds that an award of $1,095.00 for the reasonable entries is appropriate.[11]

### 4. Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson,* 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted. Accordingly, Defendant is entitled to attorney's fees of **$1,680.00**.

---

[10] *See supra,* n.3. The Court also finds that the following entries are reasonable: (6) 11/6/13– PWD Received and reviewed efiled notice confirming filing (.10 hours); (7) 11/6/13 PWD Prepared Motion to Expedite regarding Motion to Set Aside Order Setting 30(b)(6) Deposition (.40 hours); (8) 11/6/13 PWD Prepared Memorandum in Support of Motion to Expedite regarding Motion to Set Aside Order Setting 30(b)(6) (.50 hours); (9) 11/6/13 PWD Prepared proposed Order regarding Motion to Expedite (.20 hours); (10) 11/6/13 PWD Efiled Motion to Expedite and supporting documents (.30 hours); (11) 11/6/13 PWD Received and reviewed efiled notice confirming filing (.10 hours); (12) 11/8/13 PWD Received and reviewed efiled Order setting oral argument on Motion to Set Aside Order regarding 30(b)(6) Deposition and calendared same (.20 hours); (14) 11/13/13 PWD Pre-hearing conference with C. Butler, counsel for Plaintiffs, regarding hearing issue (.20 hours); (16) 11/13/13 PWD Participated in oral argument before Judge Roby regarding Motion to Set Aside Order Setting 30(b)(6) Deposition (.80 hours); (20) 11/13/13 MSL Attended hearing, including pre-hearing conference with C. Butler. 1.00 hours; (21) 11/13/13 PWD Received and analyzed efiled objections by Plaintiffs to Order setting expedited hearing on Motion to Set Aside Order Setting 30(b)(6) Deposition (.50 hours); (22) 11/13/13 PWD Prepared outline and response to Plaintiffs objections for oral argument on Motion to Set Aside Order Setting 30(b)(6) Deposition (.60 hours).

[11] The 7.3 hours include 1.0 hours from Losch, and 6.30 hours from Dill.

9

| Entry | Fee |
|---|---|
| Vague Entries | $277.50 |
| Travel Time | $307.50 |
| Remaining Entries | $1,095.00 |
|  | **Total: $1,680.00** |


### IV.     Conclusion

Due to the repeated failure of Counsel for Plaintiff to comply with Orders issued by this Court, including the failure to comply with this Court's scheduling order after expressing a desire to conduct a 30(b)(6) deposition, confirming the parties availability, and then deciding to ignore the Court's order under the tortured premise that the scheduling order gave him more time; the Court finds that it is appropriate the attorney fee award to Plaintiff's counsel, and not Plaintiff herself.[12]

Accordingly,

**IT IS ORDERED** that Defendant, Tangipahoa Parish School Board's, ("Defendant") **Motion to Fix Attorney's Fees (R. Doc. 101)** is **GRANTED**. The Court finds that a total amount of **$1,680.00** in fees is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Counsel for Plaintiff shall satisfy his obligation to Defendant no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 20th day of December 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *See e.g., Hall v. Cole,* 412 U.S. 1, 15 (1973); *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 753 (1980).