UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCE JOHNSON-RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-0140** |
| **TANGIPAHOA PARISH SCHOOL BOARD** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER

On March 14, 2014, the Defendant, the Tangipahoa Parish School Board ("TPSB"), filed a **Motion for Citation of Contempt and Further Relief (R. Doc. 132)** seeking this Court issue a citation of contempt against Nelson Taylor, counsel for the Plaintiff, Joyce Johnson-Richardson ("Richardson") for his failure to comply with this Court's December 20, 2013, Order assessing an award of $1,680.00 against him. *See e.g.*, R. Doc. 132, p. 1. The motion is unopposed. It was noticed for submission and heard on the briefs on April 2, 2014.

### I.   Background

Richardson brought this action pursuant to 42 U.S.C.§2000e-5, the Equal Employment Opportunities Commission ("EEOC") enforcement provision for Title VII Civil Rights disputes, against Defendant, Tangipahoa Parish School Board ("TPSB"). *See* R. Doc. 1. Richardson, an African American female with allegedly thirty-three years experience as a special education teacher, claimed that she was discriminated against and denied the opportunity of employment by TPSB, due to her husband's political involvement therein, as well as his involvement with the African American

community, and more specifically, her participation the ongoing desegregation case. *See Moore v. Tangipahoa Parish School Board*, No. 65-15556. *See* R. Doc. 105, citing R. Doc. 41-1, p. 26-29.

On December 20, 2013, this Court entered an Order assessing an award of attorney's fees to be paid by Nelson Taylor, counsel for the Plaintiff, in the amount of **$1,680.00,** and also ordered that he satisfy this obligation **within twenty (20) days** thereafter. *See* R. Doc. 105, p. 10. The expiration of the 20 day period occurred on January 9, 2014, but as of yet, remains unsatisfied. *See* R. Doc. 132. TPSB contends that on February 26, 2014, it contacted Taylor, requesting that this monies be paid before March 5, 2014, to avoid the necessity of court intervention. However, as of yet, Taylor has allegedly ignored this request and made no efforts to contact TPSB. *See* R. Doc. 132-1. Therefore, TPSB has filed the instant motion, seeking an Order of Citation and Contempt against Nelson Taylor for his failure to comply with this Court's December 20, 2013 Order. *Id.*

**II**.     **Standards of Review**

Pursuant to Fed.R.Civ.P 37(b)(2)(A)(vii), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. Fed.R.Civ.P 37(b)(2)(A)(vii). Specifically, Fed.R.Civ.P 37(b)(2)(A) provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . [which] may include [. . .] (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*See* Fed.R.Civ.P. 37(b)(2)(A).

Civil contempt vindicates the rights of aggrieved persons under valid court orders. *Louisiana*

*Ed. Ass'n v. Richland Parish Sch. Bd.*, 421 F.Supp. 973, 975 (W.D. La. 1976).  It is well-settled that a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order.  *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999).  A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order.  *Id.* (internal citations omitted).

"A civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court."  *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).  However, civil contempt can serve two different purposes: (1) it can enforce, through coerciveness, compliance with a court's order; or (2) it can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct.  *Petroleos Mexicanos*, 826 F.2d 392, 400 (5th Cir. 1987).  Nonetheless, the court must exercise its power with discretion, and some courts have held that the power should be used sparingly.  *Richland Parish*, 421 F.Supp. at 975.

Federal Rule of Civil Procedure 37 authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders.  *Chilcutt v. U.S.*, 4 F.3d 1313, 1319-1320 (5th Cir. 1993).  A "court's discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited."  *Id.*  Furthermore, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed.R.Civ.P. 37(b)(2)(C); Fed.R.Civ.P. 37(d)(1)(A)(ii), (c)(1).

The Fifth Circuit has noted that sanctions under Rule 37 are "predicated upon the presence

of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970); *see also Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir.1992) (reasoning that "sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant.").

### III.  Analysis

On December 20, 2013, this Court entered an Order assessing an award of attorney's fees to be paid by Nelson Taylor, counsel for the Plaintiff, in the amount of **$1,680.00,** and also ordered that he satisfy this obligation **within twenty (20) days** thereafter. *See* R. Doc. 105, p. 10. The expiration of the 20-day period occurred on January 9, 2014. *See* R. Doc. 132. TPSB contends that as of yet, Taylor has not satisfied this obligation.

As such, the Court finds that TPSB has satisfied the burden of establishing the necessary requirements for a civil contempt action, as the Court issued an Order on December 20, 2013, requiring Taylor to comply with satisfying the financial obligation of $1,680.00, by January 9, 2014. *See e.g., Piggly Wiggly Clarksville, Inc.*, 177 F.3d at 382. Because Taylor failed to comply with this Court's Order, the Court finds that he has committed civil contempt by violating the December 20, 2013 Order.

As such, this Court finds that an appropriate sanction, in accordance with Fed. R. Civ. P. 37(d), is to order Taylor to pay the reasonable expenses, including attorney's fees incurred with the filing of the instant motion, caused by his failure to satisfy the financial obligation previously ordered by this Court. *See* Fed.R.Civ.P. 37(b)(2)(C); Fed.R.Civ.P. 37(d)(1)(A)(ii), (c)(1). Therefore, pursuant to Rule 37(d), reasonable costs, including attorney's fees, in association with the instant motion are granted.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant, Tangipahoa Parish School Board's **Motion for Citation of Contempt and Further Relief (R. Doc. 132)** is **GRANTED**. Nelson Taylor, counsel for Plaintiff shall satisfy the financial obligation, in the amount of **$1,680.00** previously ordered by this Court, **no later than ten (10) days from the date of this order**.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(d), is awarded against Nelson Taylor.

**IT IS FURTHER ORDERED** that Defendant, Tangipahoa Parish School Board, shall file a motion to fix attorney's fees into the record by **April 16, 2014** along with: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **Wednesday, April 23, 2014**. Defendant shall notice the motion to fix attorney's fees for submission on **Wednesday, April 30, 2014**, and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 2nd day of April 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**